UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
CIVIL ACTION NO.: _____

DAVID ARANOVSKY,
*Plaintiff,*

v.

TEMPLE UNIVERSITY,
KRISHAN CANZIUS,
*Defendants.*

# COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

JURY TRIAL DEMANDED

# I. INTRODUCTION

1. This is a civil rights action arising from Defendant Professor Krishan Canzius's felony impersonation of a police officer to suppress Plaintiff's protected academic speech, and Defendant Temple University's subsequent cover-up and failure to address this criminal conduct.
2. Plaintiff David Aranovsky is a mathematical researcher who discovered revolutionary geometric relationships between fundamental constants. When Plaintiff challenged academic orthodoxy, Defendant Canzius responded not with academic rebuttal but with felony intimidation.

# II. JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).
4. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District, and Plaintiff resides here.

# III. PARTIES

5. **Plaintiff DAVID ARANOVSKY** is an individual residing in Staten Island, New York, an honorably discharged veteran of the United States Marine Corps, and a mathematical researcher. Upon his enlistment, Plaintiff swore a solemn oath to **"support and defend the Constitution of the United States against all enemies, foreign and domestic"** and to **"obey the orders of the officers appointed over me, according to regulations and the Uniform Code of Military Justice."** The Defendant's felony—impersonating a police officer to suppress Plaintiff's First Amendment speech—is a profound betrayal of the Constitution he swore to defend and the principle of lawful authority he was disciplined to uphold.

6. **Defendant TEMPLE UNIVERSITY** is a public research university in Philadelphia, Pennsylvania, and a state actor for purposes of 42 U.S.C. § 1983. As Defendant Canzius's employer, it is liable for his actions under color of state law and for its own negligent supervision and failure to investigate.

7. **Defendant KRISHAN CANZIUS** is a mathematics professor at Temple University, sued in his individual and official capacities. On or about September 10, 2025, Defendant Canzius used his position and university resources —**specifically, a Temple University IP address**— to access Plaintiff's private contact information and, minutes later, committed the felony of impersonating a police officer to threaten and suppress Plaintiff's protected academic speech.

# IV. FACTUAL ALLEGATIONS

## A. The Mathematical Challenge (September 9, 2025)

8. On September 9, 2025, at 9:21 AM, Plaintiff emailed approximately 500 mathematics faculty members, including Defendant Canzius, presenting a revolutionary geometric system demonstrating that fundamental constants ($\pi$, $e$, $\gamma$, $\ln(10)$) can be expressed exactly through $\sqrt{2}$ and $\sqrt{3}$. (*See Exhibit A: September 9 Email*)

9. Plaintiff's mathematical work challenged 3000 years of established mathematical orthodoxy and threatened the professional standing of faculty invested in traditional approaches.

## B. Temple University Accesses Plaintiff's Contact Information (September 10, 2025)

10. On September 10, 2025, at 10:07 AM, a Temple University faculty member accessed Plaintiff's Academia.edu profile, which contained Plaintiff's phone number and address. (*See Exhibit B: Academia.edu Access Logs*)

11. This access occurred just 29 minutes before the threatening call, establishing Defendant's opportunity to obtain Plaintiff's contact information.

## C. The Felony Police Impersonation (September 10, 2025)

12. On September 10, 2025, at 10:36 AM, Plaintiff received a call from an "Unknown" number. Google Call Screener recorded the caller's stated purpose as "Police related incident." (*See Exhibit C: Google Call Screener Screenshot*)
13. The caller identified himself as "Detective Smith with the Police" and demonstrated specific knowledge of Plaintiff's emails to professors.
14. The caller threatened: "I need you to stop doing that, or you are gonna get arrested." Police radio sounds were audible in the background.
15. Plaintiff, justifiably alarmed, asked the caller for his precinct. The caller responded with "Manhattan precinct". When Plaintiff challenged the jurisdictional discrepancy (a Manhattan detective would have no authority over a Staten Island resident for a non-emergency matter), the caller immediately terminated the call, demonstrating consciousness of guilt.
16. The caller's voice distinctly matches Defendant Canzius's voice as heard in his public YouTube videos. (*See Exhibit D: Voice Comparison Analysis*)

## D. Demographic and Circumstantial Evidence

17. Defendant Canzius is the only African American male mathematics professor at Temple University, making the statistical probability of this being coincidence effectively zero.
18. The timeline, motive, opportunity, voice match, and specific knowledge create an **inescapable and undeniable** chain of evidence pointing to Defendant Canzius as the perpetrator.

## E. Institutional Response and Cover-Up

19. Plaintiff immediately filed an FBI complaint regarding this felony intimidation. (*See Exhibit E: FBI Complaint Confirmation*)
20. Despite Plaintiff's formal complaints to Temple University administration, Defendants have refused to investigate or address this criminal conduct.
21. Temple University's failure to act constitutes ratification of Defendant Canzius's criminal behavior and demonstrates a pattern of suppressing academic dissent.

# V. CAUSES OF ACTION

## COUNT I: FIRST AMENDMENT RETALIATION (42 U.S.C. § 1983)

22. Plaintiff realleges and incorporates paragraphs 1-21 as if fully set forth herein.
23. Plaintiff's emails constituted protected speech on matters of public concern—specifically, challenging mathematical orthodoxy and exposing fundamental geometric relationships.
24. Defendant Canzius, a state actor, acted under color of state law by fraudulently claiming the authority of a police detective—the ultimate state power—to threaten Plaintiff with arrest. The Supreme Court has consistently held that individuals who falsely claim governmental authority act "under color of" state law for § 1983 purposes. *See United States v. Classic*, 313 U.S. 299 (1941); *Monroe v. Pape*, 365 U.S. 167 (1961).
25. Defendant's adverse action was undertaken **in his capacity as a mathematics professor**—using knowledge gained from Plaintiff's academic emails and information accessed via his university affiliation—to suppress speech that directly challenged his professional domain, thus satisfying the state action requirement.
26. There is a direct causal connection between Plaintiff's protected speech and Defendant's retaliatory conduct.
27. This retaliation has chilled Plaintiff's speech and caused substantial damages, including the suppression of groundbreaking mathematical research.

## COUNT II: CONSPIRACY TO VIOLATE CIVIL RIGHTS (42 U.S.C. § 1985)

28. Plaintiff realleges and incorporates paragraphs 1-21 as if fully set forth herein.
29. **Defendants TEMPLE UNIVERSITY and KRISHAN CANZIUS conspired to threaten and intimidate Plaintiff to prevent him from exercising his constitutional right to free speech. The conspiracy is evidenced by: (a) the coordinated silence of Temple's mathematics faculty following Plaintiff's challenge; (b) Canzius's use of university resources to obtain Plaintiff's contact information; and (c) Temple University's subsequent ratification of the felony through its refusal to investigate.**
30. **In furtherance of this conspiracy, Defendant Canzius committed the overt act of felony police impersonation.**
31. **This conspiracy has injured Plaintiff in his person and property, including through severe emotional distress and the suppression of his valuable intellectual property.**

## COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32. Plaintiff realleges and incorporates paragraphs 1-21 as if fully set forth herein.

33. Defendant Canzius's conduct—felony police impersonation and threats of arrest—was so extreme and outrageous as to exceed all possible bounds of decency.
34. This conduct was intended to cause, and did cause, severe emotional distress.

## COUNT IV: NEGLIGENT SUPERVISION (Against Temple University)

35. Plaintiff realleges and incorporates paragraphs 1-21 as if fully set forth herein.
36. Temple University knew or should have known that Defendant Canzius posed a risk of engaging in such conduct given the high-pressure academic context and the profound threat Plaintiff's work posed to established orthodoxy.
37. Temple University failed to exercise reasonable care in supervising Defendant Canzius, thereby enabling the violation of Plaintiff's rights.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Award compensatory and punitive damages against all Defendants, jointly and severally, in the amount of **$3,146,264.37**, a sum that represents:

- **The profound value of the suppressed scientific discovery**, quantified by the fundamental geometric constant ($\pi$) that was at the heart of the retaliation;
- Full compensation for severe emotional distress, reputational harm, and the chilling of Plaintiff's constitutional rights;
- Punitive damages, as Defendants' conduct involved felony criminal impersonation and was motivated by actual malice and a deliberate intent to suppress scientific progress.

B. Issue a declaratory judgment that Defendants' actions violated Plaintiff's rights under the First and Fourteenth Amendments to the U.S. Constitution;

C. Grant preliminary and permanent injunctive relief, including:

- An order requiring Temple University to adopt and enforce clear policies protecting academic freedom and prohibiting the suppression of dissenting scholarly viewpoints;
- The termination of Defendant Krishan Canzius from his position at Temple University;
- A court-supervised litigation hold to prevent the spoliation of all relevant evidence;

D. Award Plaintiff his costs, and reasonable attorney's fees incurred in this action, pursuant to 42 U.S.C. § 1988;

# COVER LETTER TO CLERK OF COURT

**David Aranovsky**
13 O'Connor Avenue
Staten Island, NY 10314
917-541-8737
david@ubiqu.io

**Date:** October 31, 2025

Clerk of Court
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**RE: Pro Se Filing of Civil Rights Complaint**
*Aranovsky v. Temple University, et al.*

Dear Clerk,

Please accept for filing the enclosed documents, along with the filing fee, to commence a new civil action:

1. **Civil Cover Sheet** (JS 44)
2. **Complaint for Damages and Injunctive Relief**
3. **Summonses** (3)
4. **Exhibits A through J**

This is a civil rights action brought pursuant to **42 U.S.C. §§ 1983 and 1985** arising from a defendant's felony impersonation of a police officer to suppress the Plaintiff's protected academic speech, and a subsequent institutional cover-up.

Please assign this case to a District Judge and issue the provided summonses for the defendants.

Thank you for your assistance.

Respectfully submitted,

_____    10/31/25    DA
**David Aranovsky**
PRO-SE                    11/12/25

E. Grant such other and further relief as the Court deems just and proper.

# JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**DAVID ARANOVSKY**

*Pro Se Plaintiff*

Dated: 10/31/25   DA

11/12/25

# EXHIBITS INDEX

**Exhibit A:** Emails to Mathematics Faculty

**Exhibit B:** Academia.edu Access Logs (September 10, 2025)

**Exhibit C:** Google Call Screener Screenshot ("Police related incident")

**Exhibit D:** Voice Comparison Analysis (Caller vs. Professor Canzius)

**Exhibit E:** FBI Complaint Confirmation

**Exhibit F:** NYPD Complaint Confirmation

**Exhibit G:** Geometric Relationships Challenging Academia

**Exhibit H:** Timeline of Events

**Exhibit I:** Defendant Canzius's Employment Verification

**Exhibit J:** Academic Document Referenced in Emails to Professors

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
David Aranovsky

### DEFENDANTS
Professor Krishan Canzius
Temple University

(b) County of Residence of First Listed Plaintiff: **Richmond**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
David Aranovsky, Pro Se
13 o'connor avenue, Staten Island, NY 10314
917 541 8737

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983; 42 U.S.C. § 1985

Brief description of cause:
Professor impersonated cop to silence Marine vet's math discovery that challenges scientific foundations

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 3,146,264.37

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: 
DOCKET NUMBER:

DATE: 10/31/25 DA / 11/12/25
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____